UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | | |
|---|---|---|
| Vernon Gilbert, | ) | Civil Action No. 2:21-2753-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| City of Walterboro, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Vernon Gilbert ("Plaintiff") brought this civil action in the Colleton County Court of Common Pleas, alleging a claim for wrongful termination in violation of the Families First Coronavirus Response Act ("Coronavirus Response Act"). (ECF No. 1-1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) for the District of South Carolina, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Baker on September 16, 2021. (ECF No. 8.) In her Report, the Magistrate Judge recommends that Plaintiff's motion to remand (ECF No. 5) be granted. (ECF No. 8 at 1, 5.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Baker issued the Report on September 16, 2021. (ECF No. 8.) Defendant filed objections on September 27, 2021. (ECF No. 9.) Plaintiff replied on

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

October 8, 2021 (ECF No. 10), and Defendant filed a sur-reply on November 19, 2021 (ECF No. 13). The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file any specific objections, this Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and quotation marks omitted).

## DISCUSSION

In her Report, Magistrate Judge Baker noted that Plaintiff asked for this case to be remanded to state court because the Coronavirus Response Act expired "prior to the allegations complained of in the Complaint, which is the basis for the Defendant's removal." (ECF No. 5.) Defendant contends that Plaintiff's amended complaint fails to allege any state law claims, and that "the only proper course is to dismiss the case." (ECF

No. 6.) Given Plaintiff's concession that his claim alleging violation of the Coronavirus Response Act is not viable, the Magistrate Judge found that this Court lacks federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction has not been asserted under 28 U.S.C. § 1332. (ECF No. 8 at 4.) Accordingly, Magistrate Judge Baker concluded that it would be inappropriate to consider Defendant's argument for dismissal of any remaining state law claim under Federal Rule of Civil Procedure 12(c) because the Court lacks jurisdiction over this matter. (*Id.*)

In its objections, Defendant argues that the Magistrate Judge was wrong to accept Plaintiff's assertion that a state-law "wrongful discharge" claim is asserted in the amended complaint. (ECF No. 9 at 2–3.) Defendant asserts that the words, "wrongful discharge," are never used in the pleading and that Plaintiff has only alleged a federal claim. (*Id.* at 2.) Defendant further contends that a general "wrongful discharge" claim does not exist under South Carolina law, and that the only time the time term is used is in reference to the public policy exception to the at-will employment doctrine, which Plaintiff has not sufficiently pled. (*Id.* at 2–3.)

After *de novo* review of the Report, the record, and the applicable law, the Court overrules Defendant's objections and grants the motion to remand. Magistrate Judge Baker was correct to conclude that, with Plaintiff's concession regarding the effect of the sunset provision of the Coronavirus Response Act, the Court lacks jurisdiction over this matter and it would, therefore, be inappropriate to consider Defendant's arguments for dismissal under Rule 12(c). Defendant may indeed be correct that Plaintiff's amended complaint fails to sufficiently plead a viable claim, but to the extent that pleading purports to state a claim, it is a claim that now must, by necessity, sound in state law. (*See* ECF

No. 1-1 ¶ 3 (alleging Plaintiff was, at relevant times, employed by Defendant "until he was wrongfully terminated").)

**<u>CONCLUSION</u>**

For the reasons set forth above, the Report (ECF No. 8) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Defendant's objections (ECF No. 9). Plaintiff's motion to remand (ECF No. 5) is GRANTED. This action is hereby remanded to the Colleton County Court of Common Pleas.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

September 7, 2022
Charleston, South Carolina